[620 NYS2d 941]

In the Matter of JEFFREY UNGERSON (Admitted as JEFFREY SAMUEL UNGERSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 8, 1994

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jeffrey Ungerson,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey Ungerson was admitted to the practice of law in New York by the Second Judicial Department on

January 30, 1985. At all times pertinent to this proceeding respondent maintained an office for the practice of law within the First Judicial Department. Counsel for respondent advised the Departmental Disciplinary Committee (the DDC) that in December 1993 respondent had left this jurisdiction for Florida for hospitalization.

Respondent seeks an order pursuant to Rules of this Court (22 NYCRR) § 603.11 permitting him to resign as a member of the Bar of the State of New York. He states that his resignation is freely and voluntarily rendered, that he is not subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Respondent acknowledges that there is presently pending a disciplinary investigation in which he is alleged to have engaged in professional misconduct. On or about February 16, 1994 a complaint was filed against him alleging that, while serving as conservator for the property of an incompetent, respondent converted to his own use funds in his possession belonging to the incompetent. In a final accounting of the guardian ad litem for the incompetent it was alleged that respondent misappropriated $99,234.45 during the period January 7, 1993 to October 23, 1993, primarily by cash withdrawals.

In his affidavit respondent admits all the allegations contained in the complaint of the guardian ad litem and acknowledges that he would not be able to defend himself on the merits against those allegations if charges were predicated upon them. In an undated affirmation, respondent's counsel confirms that respondent converted an amount "exceeding $88,000 but believed to be less than $110,000 the amount of the bond ordered by the court upon [respondent's] appointment as conservator". Respondent's counsel has advised the DDC that respondent will cooperate with the Supreme Court in arriving at the appropriate amount of restitution and will reach an accord with the surety whereby he will agree to make restitution.

After consulting with and being advised by counsel of his choice, respondent has determined that his resignation as an attorney is appropriate at this time.

The DDC supports respondent's request for permission to resign. His affidavit conforms to the requirements set forth in section 603.11 of the Rules of this Court. The allegations contained in the complaint against him are very serious and are confirmed by bank documents. The ends of justice will be served by respondent's resignation at this juncture.

The affidavit of resignation submitted by respondent fully complies with the requirements of section 603.11 of the Rules of this Court governing the conduct of attorneys. Respondent acknowledges that (1) he is the subject of a pending disciplinary investigation into allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily rendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Accordingly, this Court should accept respondent's resignation and his name should be stricken from the roll of attorneys, effective May 13, 1994, the date of his affidavit of resignation.

SULLIVAN, J. P., KUPFERMAN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Motion to accept the resignation of the above-named respondent is granted, and his name directed to be struck from the roll of attorneys and counselors-at-law, effective May 13, 1994.